LYONS v. VAN GORDER.

1. **Evidence:** RECORD OF TOWNSHIP CLERK: ORIGINAL PAPERS LOST. The appraisement of damages caused by trespassing animals, made by the township trustees and filed with the township clerk, having been lost, and that fact shown, *held* that the record of the original, made by the clerk, was properly admitted as evidence for defendant, though the clerk testified that he might have given the original to a former attorney of defendant, who had since died,—there being nothing to show that it was received by such attorney on behalf of defendant.

2. **Trespassing Animals:** APPRAISEMENT OF DAMAGES BY TOWNSHIP TRUSTEES : JURISDICTION. Where one who distrains a trespassing animal gives the statutory notice to the person who has charge of the animal, as well as to the one having charge of the farm on which it is usually kept, it is sufficient, under sections 1543, 1544 of the Code, to give the township trustees jurisdiction to appraise the damages done by the animal, though the owner has not been notified.

3. ———: WHEN NOT TO BE TREATED AS ESTRAYS. Where defendant took up a trespassing mare, and did not know who her owner was, but *did* know who had charge of her, and where she was kept, *held* that she was not an estray, within the meaning of the statute, and was not to be so treated.

4. **New Trial:** INSTRUCTIONS : EXCEPTIONS. A new trial is properly refused on the ground of error in an instruction not excepted to when given, and as to which no ground of objection is stated in a motion for a new trial, though it is therein alleged to be erroneous.

*Appeal from Allamakee District Court.* — HON. CHARLES T. GRANGER, Judge.

FILED, MAY 21, 1889.

ACTION to recover possession of specific personal property owned by the plaintiff, and damages for its detention. There was a trial by jury, and a verdict and judgment for defendant. The plaintiff appeals.

*F. S. Burling,* for appellant.

*Dayton & Dayton,* for appellee.

ROBINSON, J.—The property in controversy is a mare which was detained by defendant for trespassing on his premises. He notified the agent of plaintiff of the distraint within twenty-four hours after it was made, and requested him to pay the damages, and take the mare away. The request not having been complied with, the township trustees were notified by defendant to appear and assess the damages caused by the mare. They met accordingly, and assessed the damage at twenty-five dollars, and taxed the costs at $15.25. Defendant claims the right to hold possession of the mare by virtue of the distraint and the proceedings of the trustees.

I. The award of the trustees was proven by the introduction of the record of the original, made by the township clerk. Plaintiff objected to the record introduced, on the ground that it was not the best evidence. The law required the trustees to file their assessment with the township clerk, to be of record in his office. The township clerk testified that he did not have the original; that he had searched the records of his office for it, but had been unable to find it. We think this showing was *prima facie* sufficient to permit the introduction of a copy of the original. It is true, the clerk testified that he thought he had handed the original to a former attorney for defendant, who was then dead, but he did not seem to be at all certain that he had in fact handed it to him, and, if he did, it does not appear that it was received by the attorney on behalf of defendant.

1. EVIDENCE: record of township clerk: original papers lost.

II. It is claimed by appellant that defendant failed to show that the notice necessary to give the trustees jurisdiction to make an assessment had been given to plaintiff. The statute provides that notice shall be given to the owner of stock distrained, and that such owner may be the person entitled to the present possession of the stock, and also the person having charge or care of the same, as well as the person having the

2. TRESPASSING animals: appraisement of damages by township trustees: jurisdiction.

legal title thereto.    Code, secs. 1453, 1454.    The evidence in this case tends to show that one Hinman had charge of the mare for plaintiff when the distraint was made; that he was duly notified of the distraint, but refused to take any action; that he was informed that the trustees had been requested to meet to consider the matter, and that the person who had charge of the farm on which the mare was usually kept was also notified of the same facts.    We are of the opinion that sufficient notice of the meeting of the trustees was given to authorize them to act.

III.    Appellant insists that defendant should have treated the mare as an estray, because her owner was not known when she was distrained.    It is true defendant testified that he did not know who her owner was, but he knew who had charge of her, and where she was kept, and only seemed to be uncertain as to whether she was owned by plaintiff or by his agent.    Under these circumstances, the mare should not have been treated as an estray.

3. ——: when not to be treated as estrays.

IV.    Appellant complains of the giving of the sixth paragraph of the charge to the jury.    It does not appear that she excepted to it when it was given.    Her motion for a new trial alleged error in giving that paragraph, but did not state the ground of her objection.    It cannot, therefore, be further considered.

4. New trial: instructions: exceptions.

V.    Other questions are discussed by counsel, but are not of sufficient interest to be set out in detail.    We have examined the record with care, but do not find any prejudicial error of which the plaintiff can complain.

AFFIRMED.