KITTIE C. TAYLOR v. C. O. TAYLOR and EMMA E. TAYLOR, Appellants.

**Amendment:** LIMITATIONS OF ACTIONS: *Mistake.* A contract providing for payments at stated times also limited the period during which defaulted installments might be collected by suit. A petition filed for that purpose, through mistake, declared upon installments for which there was no right to sue. Later an amendment was filed which simply corrected the dates of the installments sued for. An original action for these was barred by the contract when the amendment was filed. The petition as amended stated but one cause of action and, to the knowledge of both parties, declared upon the only thing which was actionable when the original was filed. *Held*, action upon the cause as amended was not barred by the contract.

AMENDMENT STATUTE: *Construction.* The provisions of Code, section 3600, which permit amendments in furtherance of justice to correct mistakes in the name of a party "or a mistake in any other respect" cover mistakes in describing dates of payment sued for, and the clause which limits amendments to such as make no substantial change, has reference only to amendments made to conform plea to proof.

*Appeal from Wapello District Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, JANUARY 16, 1900.

ACTION to foreclose the lien of a contract. Decree as prayed, and defendants appeal.—*Affirmed.*

*McNett & Tisdale* for appellants.

*Work & Lewis* for appellee.

LADD, J.—The plaintiff as widow, and the defendant as brother, of J. A. Taylor, deceased, in distributing his

estate, entered into a contract by the terms of which the latter undertook to pay the former one hundred and fifty dollars on the tenth day of each month until the end of her life. These payments were not to be enforced against him personally, but were made a lien on certain real estate, against which foreclosure proceedings were not to be commenced within four months after the termination of any fiscal year beginning September 1st, nor after the lapse of eight months after the expiration of the four months. Thus, an action on any unpaid installments for the year beginning September 1, 1894, must be commenced between January 1 and September 1, 1896, and suits brought between these dates for unpaid installments of the year beginning September 1, 1895, would be premature. But the petition, filed August 12, 1896, alleged the nonpayment of installments maturing in September, October, November, and December, 1895, and January, 1896, and for these asked recovery. The amendment, in which a mistake in dates is averred, and the purpose at all times of claiming for unpaid installments of the same months of a year previous stated, was not filed until May 27, 1898. The defendants, in a motion to strike and by answer, raise the point that, in changing these dates, a distinct and new cause of action, which was already barred by the stipulation of the parties, is either stated in the amendment or substituted for that originally pleaded. In the recent case of Box v. Railway Co., 107 Iowa, 660, we held, following Van De Haar v: Van Domseler, 56 Iowa, 671, that a separate and independent cause of action may not be saved from the bar of the statute of limitation by bringing it into a pending case by way of amendment. But the distinction between these cases and the one at bar is apparent. Here, the amendment corrected the dates in the petition, which, as amended, stated but one cause of action, while in each of those an additional cause was attempted to be injected into the controversy. But did this amendment, in effect, substitute an entirely new cause of action in the place of

that originally pleaded? If so, the limitation contained in
the contract ought not to be thus avoided; otherwise, one
having two notes, executed by the same party, one of which
became outlawed, might, in the action on the other, by
amending his petition, substitute the note against which the
bar existed, and evade the statute of limitations. *Railroad
v. Cobb,* 64 Ill. 140. If, however, there is but the one note,
the correction of dates by amendment cannot be construed
as a substitution of another cause of action. It is the change
of but one of the averments of fact, in order to set out the
claim as it existed from the beginning. In this case, the
petition, on its face, stated a cause of action which had not
accrued and did not exist, as the installments mentioned
had, at the time, been paid. Those of a year previous had
not been satisfied, and the right to bring suit therefor existed
when the original petition was filed. In a prior action, the
application of payments made during the last four months
of 1894 and January, 1895, to earlier installments, had
been approved; so that those described in the petition as
amended were the only unpaid installments on which an
action might be maintained. This was fully understood by
both parties. In principle, the case is precisely the same as
though there had been no installments answering the errone-
ous dates in the petition, and a correction had been
attempted.

Section 3600 of the Code provides that "the court may,
on motion of either party at any time, in furtherance of
justice and on such terms as may be proper, permit such
party to amend any pleadings or proceedings by
adding or striking out the name of a party, or by
correcting a mistake in the name of a party, or a
mistake in any other respect, or by inserting other allega-
tions material to the case, or, when the amendment does not
change substantially the claim or defense, by conforming
the pleadings or proceedings to the facts proved." A mis-

take in the matter of dates is one of common occurrence, and is clearly included in the phrase, "mistake in any other respect." That the allowance of such amendment, under the circumstances, was in furtherance of justice, is not debatable. Its purpose was not to add a new cause of action to that stated in the petition, nor to substitute one different in character, but merely to correct an averment of fact, necessary to clearly state that on which the original petition was in reality founded, and the only one existing in favor of the plaintiff. The clause, "when the amendment does not change substantially the claim or defense," has reference solely to "conforming the pleadings or proceedings to the facts proved," and does not limit the portion of the section preceding. The circumstances that, unless the amendment be allowed, the cause of action will be barred, is persuasive in favor of permitting rather than denying it. In *Verdery v. Barrett,* 89 Ga. 349 (15 S. E. Rep. 476), an amendment to a petition, praying for damages on an oral contract against which the statute of limitation had run, averring that it was in writing, was allowed. In *Wood v. Lenawee Circuit Judge,* 84 Mich. 521 (47 N. W. Rep. 1103), the court held that, in an action on a policy of life insurance by the administrator of the estate of a person not entitled thereto, the real parties in interest might be substituted as plaintiffs by amendment, though, at the time, an independent suit by them would have been barred. See, also, on the same line, *Railway Co. v. Kunkel,* 17 Kan. 165; *Davis v. Saunders,* 7 Mass. 62; *Lottman v. Barnet,* 62 Mo. 170; *Schieffelin v. Whipple,* 10 Wis. 82; *Tucker v. Mayor, etc.,* 4 Nev. 30. "An amendment may quite as reasonably be allowed to preclude such a statutory defense as to perfect a declaration which is of itself insufficient, and would fail on demurrer or motion in arrest. The cause of action is the debt which the plaintiff was seeking at the outset to enforce, and, so long as he sets up no new debt, he sets up no new cause of action." *Dana v. McClure,* 39 Vt. 201.

The appellant insists that a party sued may safely rely on plaintiff's allegations, without drawing on his own knowledge of the facts; otherwise, there is no certainty in respect to pleadings and issues. This is one of the stock arguments against modern methods of pleading. We shall not stop to discuss its merits. The theory of permitting amendments is based on the infirmities of memory and the potency of investigation. As long as human nature remains unchanged, mistakes will be made, and the purpose of the statute quoted is that these may be corrected up to the very moment such correction works prejudice, and then on such terms as that this shall be obviated. Courts, without exception, construe statutes authorizing amendments liberally, and we are of opinion that, in permitting the correction in dates, the district court did not abuse its discretion. As appellee's additional argument in response to the reply was merely a repetition of arguments already made, the motion to strike it will be sustained.—AFFIRMED.

GRANGER, C. J., not sitting.