<span style="float:left">3. LAW of<br>another<br>state; pre-<br>sumption.</span>

trary, is presumed to be the same as our own.
So that in no event was there any prejudice
in the ruling. The law on this subject relating to railway
companies is applicable to express companies. See Code,
section 2165.

It is possible that one of the assignments relating to mis-
conduct of plaintiff's attorney in arguing the case to the jury
is also sufficient. Treating it as such for the purpose of the
case, we do not think there was such misconduct as to jus-
tify a reversal. Almost the exact point here made was de-
cided adversely to appellant in *Wimber v. Iowa Central R.
R. Co.,* 114 Iowa, 551.

None of the many other questions argued by appellant
can be considered, for the reason that they are not properly
presented by a sufficient assignment of error.

There being no prejudicial error of which defendant may
justly complain, the judgment must be and it is AFFIRMED.

---

CHARLES E. BROWN v. ILLINOIS CENTRAL RAILROAD COM-
PANY, Appellant.

<span style="float:right">123  239<br>137  583</span>

**Personal Injury:** PLEADINGS. A petition in a suit for personal in-
1  jury which omits to allege plaintiff's freedom from contribu-
tory negligence fails to state a cause of action.

**Same.** In an action for personal injury, failure to state a cause of
2  action may be taken advantage of by a motion in arrest of
judgment.

**New Trial.** Where the court on its own motion, no question having
3  been raised as to the sufficiency of the pleadings, withdraws
the case from the jury, the granting of a new trial on plain-
tiff's motion is not error.

**New Trial.** An order granting a new trial will not be disturbed un-
4  less clearly wrong.

*Appeal from Hardin District Court.*—HON. J. R. WHITA-
KER, Judge.

TUESDAY, FEBRUARY 23, 1904.

SUIT to recover damages for a personal injury and for
wages due. There was a trial to a jury, and, after the evi-
dence was all in, the court, on its own motion, withdrew from
the consideration of the jury the claim for damages. The
plaintiff's motion for a new trial was sustained on this
branch of the case, and the defendant appeals.—*Affirmed.*

*W. S. Kenyon* and *J. H. Scales* (*J. M. Dickinson,* of
counsel) for appellant.

*W. L. Weaver* and *Albrook & Lundy* for appellees.

SHERWIN, J.—The petition did not allege the plaintiff's
freedom from contributory negligence, and hence did not
state a cause of action for damages.

This failure to plead might have been taken advantage
of by motion in arrest of judgment by the provisions of sec-
tions 3563, 3564, of the Code, and in such case it would un-
doubtedly have been the duty of the court to sustain the
motion.

But the court did not permit the case to go that far.
This issue was taken from the jury by an instruction given
in the general charge, without specifying the reason there-
for, and at that time no question had been raised as to the suf-
ficiency of the pleading. If this action of the court had been
based solely on the ground that no cause of action was al-
leged, the granting of a new trial would not necessarily have
been error, it would even then have been a matter of discre-
tion for the court to set the order aside and permit an amend-
ment to the petition. The statute is liberal in permitting
amendments to pleadings, and it is hardly probable that a
trial court would take a case from the jury on its own motion

because of defective pleadings, without first calling attention of counsel thereto and giving them an opportunity to amend. The defendant might waive the defect, and never raise the question, and the court would hardly assume the summary disposition of the case on account of such defect in pleadings. If the court, as a matter of fact, withdrew the issue from the jury for other reasons, and afterwards concluded that it was a mistake to do so, we are not disposed to disturb the order granting a new trial, unless it shall clearly appear that it was wrong. The evidence presented a close case, but we are inclined to the view that it should have gone to the jury on the facts, with instructions covering the various propositions presented by the record.

The motion to strike the affidavit of C. E. Albrook is sustained, and the order granting a new trial is AFFIRMED.

WEAVER, J., taking no part.