O. J. TYLER, Appellant, v. PATRICK BOWEN, Appellee.

**Attachment:** RES JUDICATA: ELECTION OF REMEDIES. In an action
1   aided by attachment, the filing of a counterclaim for the malicious
    suing out of the writ independent of the bond, which is abandoned on demurrer, is not an adjudication nor an election of remedies precluding a subsequent counterclaim in the same action and for the same cause, based on the bond.

**Objection to instructions:** APPEAL. An objection to an instruction,
2   raised only by motion for a new trial, which fails to set out the grounds of objection will not be considered on appeal.

Instructions: OBJECTION. A plaintiff cannot be heard to complain of
3  an instruction because casting on defendant too great a burden of
   proof.

Submission of issue: OBJECTION. Objection that a counterclaim in an
4  attachment suit was improperly submitted to the jury, because
   admitted that the attachment was rightly sued out, cannot be
   urged on appeal, where there was no motion to direct a verdict
   and no exception to the instruction.

Pleadings: MOTION TO STRIKE: CONTINUANCE. A motion to strike
5  an amendment filed after the parties had rested, which simply
   conformed the pleadings to the proof, was rightly overruled, and
   a continuance on the ground of surprise was properly refused,
   where the party asking it had notice and gave evidence regarding
   the claim embraced in the amendment.

Exemplary damages. Under the evidence, the allowance of $350 as
6  exemplary damages for the wrongful suing out of an attachment,
   is held not excessive.

Appeal. In law actions only questions raised in the trial court will
7  be reviewed on appeal.

Instructions. In an attachment suit plaintiff is not entitled to an
8  instruction to the effect simply, that if the defendant was about to
   leave the State and was in fact indebted to plaintiff, then the
   attachment was rightfully sued out.

*Appeal from Harrison District Court.*— HON. N. W. MACY,
Judge.

TUESDAY, JULY 12, 1904.

ACTION at law, aided by an attachment, to recover a sum
alleged to be due plaintiff from defendant as rental for cer-
tain premises, for damages done said premises, and on an ac-
count. The defendant denied any indebtedness, and pleaded
a counterclaim for damages, due to the wrongful suing out of
the attachment, and other matters not necessary to be men-
tioned. On these issues the case was tried to a jury, result-
ing in a verdict and judgment for the defendant, and plaintiff
appeals.— *Affirmed.*

*Cochran & Egan,* for appellant.

*Bolter Bros.,* for appellee.

DEEMER, C. J.— Before the commencement of the trial defendant pleaded a counterclaim for the malicious suing out of the writ independent of the bond. Plaintiff demurred

1. RES JUDI-
CATA:
election of
remedies.

to this counterclaim, and defendant, conceding the demurrer, then filed a counterclaim on the attachment bond. Plaintiff thereupon pleaded a former adjudication, an estoppel based on an election by defendant of his remedies in filing his counterclaim for malicious prosecution. There is no merit in these pleas. *Smith v. Bricker,* 86 Iowa, 285; *Thorson v. Baker,* 107 Iowa, 50. The counterclaims interposed were each based on the wrongful suing out of the attachment, and were filed in the one suit. No judgment was ever rendered on the counterclaim for malicious prosecution. Defendant simply conceded that he could not interpose this until the main suit was determined, and then filed his counterclaim on the bond. The remedies were not inconsistent in the sense in which that term is used when applied to the doctrine of election of remedies. Until defendant had deprived himself of the right to amend his counterclaim, and suffered judgment to go against him, there was no election of remedies. Moreover, his concession of the rightfulness of the demurrer was no more than an admission that his action was prematurely brought. The demurrer was, in effect, a plea of abatement. This did not constitute either an adjudication or an election of remedies.

II. The ground alleged for the suing out of the attachment was that defendant was about to remove his property from the State with intent and purpose to defraud his cred-

2. OBJECTION TO
INSTRUC-
TIONS:
appeal.

itors. Under the Code plaintiff may have an attachment against the property of a defendant when he (the defendant) is about to remove permanently out of the State, and refuses to pay or secure a debt due the plaintiff. The trial court, evidently overlooking the statute, followed the allegations of the petition in giving its instructions,

and of this plaintiff complains. The contention is without merit for several reasons. In the first place, plaintiff did not except to the instructions at the time they were given. He did, it is true, except thereto in his motion for a new trial, filed after the return of the verdict; but he did not in this paper set forth the grounds of the objections. This is insufficient to raise any question on the instructions given. Code, section 3707, and cases cited; *Lyons v. Van Gorder,* 77 Iowa, 600.

The second answer to the contention is that the instructions imposed a burden upon the defendant which he should not have been required to bear. He was obliged to show not only that he was not about to remove from the State, but that he did not intend to defraud his creditors, and that plaintiff had no reasonable ground to believe these allegations to be true. The instruction was erroneous, but defendant, and not the plaintiff, was prejudiced thereby.

**3. Instruc-tions: objection.**

III. Plaintiff contends in argument that the counterclaim should not have been submitted to the jury, because under the admitted facts the attachment was properly sued out. He is not, however, in a position to urge this claim. He made no motion to take the case from the jury, and did not properly except to the instructions.

**4. Submission of issue: objection.**

IV. During the trial defendant was permitted to file an amendment to his answer pleading the payment of three hundred and fifty-six dollars in cash on the rent account and four dollars more in property, which would entirely liquidate plaintiff's claim for rent. He also asked judgment for the sum of four dollars more on his counterclaim. This amendment was filed after the parties had respectively rested, and plaintiff moved to strike it because introducing a new cause of action. This motion was overruled, and thereupon plaintiff filed a motion for a continuance, based on the ground of surprise. This

**5. Pleadings: motion to strike; continuance.**

was also overruled. These rulings are challenged. There was no error in either of them. Testimony had already been given with reference to these items without objection and the amendment simply conformed the pleadings to the proofs. Plaintiff gave evidence on the subject, and was notified long before the trial that he would be called upon to meet it; hence he was not surprised, and there was no reason for granting him a continuance. These matters are, in any event, so largely discretionary in the trial court, that we do not ordinarily interfere.

V. The verdict is complained of as being excessive. It was for the sum of four hundred dollars in favor of defendant. Plaintiff concedes that the actual damages suffered by defendant through the suing out of the attachment might well have been fixed at fifty dollars, but he contends that three hundred and fifty dollars as exemplary damages was outrageous. We are not disposed to interfere on this ground. There is much to indicate that plaintiff sued out the writ for the purpose of harassing and annoying the defendant, and that his claim was a " trumped-up " affair. In such a case the jury has a wide discretion in fixing the damages.

**6. EXEMPLARY DAMAGES.**

VI. It is also insisted that the verdict is without support in the evidence, for the reason that defendant admitted he was about to leave the State, and that he was in fact indebted to the plaintiff. No such point was made in the trial court, and we therefore do not consider it. In law cases we simply pass upon questions made in the trial court, and upon which it had an opportunity to rule. For these reasons we may not consider this last proposition.

**7. APPEAL.**

Plaintiff asked several instructions, and to the court's refusal to give them exceptions were duly taken. But one of them need be considered. It was to the effect that, if defendant was about to leave the State, and was in fact indebted to plaintiff, then the attachment was rightfully sued out. This was properly refused.

**8. INSTRUCTIONS.**

The mere fact that one who is indebted is about to leave the State is not ground for an attachment. He must be about to remove his property from the State without leaving sufficient remaining for the payment of his debts; or he must be about to remove permanently from the State, and refuse to pay or secure the debt due the plaintiff. Code, section 3878. Neither of these matters are covered by the instruction asked, nor was there evidence to support them.

We find no prejudicial error in the record, and the judgment is AFFIRMED.