## L. ROBBINS v. BOSSERMAN BROTHERS, Appellants.

**Pleading:** DUPLICITY: WAIVER.  Objection to a pleading on the ground of duplicity comes too late if not raised until after the verdict.

**Same:** ARREST OF JUDGMENT.  Where the evidence is sufficient to support either of two inconsistent causes of action alleged in one count of the petition a motion in arrest of judgment will not lie.

*Appeal from Clarke District Court.*— HON. H. K. EVANS, Judge.

### WEDNESDAY, FEBRUARY 13, 1907.

ACTION to recover a commission under a contract to find a purchaser for certain real property.  Verdict and judgment for plaintiff.  Defendants appeal.— *Affirmed.*

*Temple, Hardinger & Temple* and *A. B. Miller,* for appellants.

*J. H. Jamison,* for appellee.

McCLAIN, J.— Plaintiff's action, as stated in his petition, was for a commission under an oral engagement and employment of plaintiff to trade a certain piece of real estate for a stock of goods and merchandise.  By amendment made during the trial, plaintiff alleged the contract to be " to furnish a customer who would trade for " said land " upon terms agreed upon by the parties," and that such a purchaser was furnished, etc.  The evidence tended to show the making of a contract to pay a commission to plaintiff on the furnishing of a purchaser who should take and pay for the land in question in such manner and on such terms as should be agreed upon between the defendants and such purchaser,

and that a purchaser was furnished to defendants to whom the land was sold in exchange for a stock of merchandise. There is no complaint on the part of appellants as to any ruling with reference to the introduction of evidence, or as to the instructions given or refused, but it is contended that the evidence does not support the verdict, and does not conform to the allegations of the petition, and that, therefore, the trial court erred in overruling defendants' motion to set aside the verdict and grant a new trial. With reference to the general claim made in the motion for a new trial that the verdict is not supported by the evidence, it is sufficient to say that there was enough evidence to go to the jury as to the making of the oral contract and the furnishing of a purchaser to whom the land was, in fact, sold.

But the contention specially relied upon is that the contract was not proved as alleged, and that there was duplicity in plaintiff's pleadings, for the reason that the original petition and the amendment together constitute

1. PLEADING: duplicity: waiver.

but one count, which is bad in that two different and inconsistent and contradictory contracts and causes of action were relied upon and submitted to the jury. In the absence of any exception taken by the defendant before the verdict on the ground of duplicity, this complaint was too late.

Without determining whether defendant might have interposed an exception to plaintiff's pleadings which would have been good before verdict, it is sufficient to say that he suggests no objection to the pleadings which

2. SAME: arrest of judgment.

can be made the basis of a motion for a new trial. Counsel insist that the objection to the assumed duplicity, which might have been raised by demurrer, was available on motion in arrest of judgment; but the answer to this is that no motion in arrest of judgment was made, and that, if the objection now urged had thus been made, it would not have been good. Under Code, sections 3563, 3758, relating to motions in arrest of judgment, the un-

successful party is not entitled to urge every objection which might have been good if raised by demurer, but he can only have the judgment arrested " if the facts stated by the petition do not entitle the plaintiff to any relief whatever." Conceding for present purposes that plaintiff's original petition and his subsequent amendment thereto constituted but one count, and that two inconsistent contracts or causes of action were alleged therein, if either contract was established by the evidence so that a cause of action was made out, then a motion in arrest of judgment, even if it had been interposed in proper form, should have been overruled.

No error appears in the record, and the judgment is *affirmed*.