JAMES CAHILL, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY.

**Railroads:** NEGLIGENCE: PLEADINGS: LIMITATION OF ACTION.   In
1   pleading a cause of action for a personal injury based upon defendant's negligence, it is not necessary to allege the plaintiff's freedom from contributory negligence; but where this allegation has been omitted from the original pleading it may be added by way of amendment after the statutory period limiting the right of action has run; since such amendment does not set up a new cause of action, but relates to the same transaction as that designated in the original petition.

**Same:** BURDEN OF PROOF: DIRECTION OF VERDICT.   Where the plaintiff
2   in an action for negligence fails to allege his freedom from contributory negligence, and defendant makes no objection to the pleading, but answers alleging plaintiff's negligence, the issue on that question is the same as though it had been pleaded in its logical order with the burden of proof on plaintiff; and upon a showing of freedom from contributory negligence the court is not justified in directing a verdict for defendant, since he may then cure the defect by amendment: and the situation and rights of the parties are not altered by plaintiff's request for leave to amend before trial.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

TUESDAY, MARCH 10, 1908.

ACTION to recover damages for personal injuries received by plaintiff while in defendant's employ. Plaintiff's motion for leave to amend his petition being overruled, defendant by leave of court withdrew its answer, and interposed a demurrer to plaintiff's petition, which was sustained, and plaintiff appeals.— *Reversed.*

*J. J. Ney* and *Roy A. Cook,* for appellant.

*W. J. Knight (J. M. Dickinson, of counsel),* for appellee.

McCLAIN, J.— After the expiration of the two years which, under our statute of limitations, is the period within which plaintiff's action should have been brought, and when the case was called for trial on the issues raised on defendant's answer to plaintiff's petition, plaintiff asked leave to file an amendment to his petition by adding thereto the averment that at the time of receiving the injury complained of and prior thereto the plaintiff was not guilty of any want of ordinary care that caused said injury, or contributed thereto. This application to amend was overruled on the ground that the amendment introduced a new cause of action, which was barred by the statute of limitations. Thereupon the defendant was granted leave to withdraw its answer in which it had specifically averred want of care and caution on plaintiff's part directly contributing to the injury and other matters of self-defense in connection with a general denial, and to interpose a demurrer to plaintiff's petition on the ground that it contained no averment of freedom from contributory negligence. This demurrer was sustained, and judgment was rendered against the plaintiff.

It is conceded to be the rule in this State, although per-

haps contrary to the weight of authority elsewhere, that a plaintiff suing for damages on account of personal injuries due to the defendant's negligence must specifically allege his own freedom from any negligence contributing to such injuries, and a failure to do so is a sufficient ground of demurrer. *Gregory v. Woodworth,* 93 Iowa, 246; *Rabe v. Sommerbeck,* 94 Iowa, 656; *Stuber v. Gannon,* 98 Iowa, 228. If defendant had demurred to plaintiff's petition on this ground before answering, the demurrer should have been sustained. But the plaintiff would have had the opportunity to amend and cure the defect by adding the essential averments. The question we now have is whether an amendment adding such averments after the statutory period of limitation has expired sets up a new cause of action, and one which is therefore barred, or whether it simply makes good the allegations as to the original cause of action insufficiently pleaded within the statutory period.

1. RAILROADS: negligence: pleadings: limitation of action.

It is not easy to point out with accuracy the distinction between the insufficient pleading of a cause of action which may be made good by amendment after the statutory period of limitations, and the total failure to plead a cause of action which cannot be cured without setting up practically a new cause of action, which cannot, of course, be done after the expiration of the limitation period. In an action for breach of contract the plaintiff may amend by eliminating some of the provisions of the contract on which he has relied. *Williamson v. Chicago, R. I. & P. R. Co.,* 84 Iowa, 583. He may aver terms of the contract different from those alleged in his original petition. *Taylor v. Taylor,* 110 Iowa, 207. But he cannot set up a substantially different contract as the basis of his cause of action. *Van Patten v. Waugh,* 122 Iowa, 302. In an action in tort to recover damages for defendant's wrongful acts plaintiff cannot by way of amendment after the statutory period of limitation set up a substantially different wrong from that alleged in his petition.

*Brooks v. Seevers,* 112 Iowa, 480.   But with reference to
the alleged negligence of the defendant, relied upon as con-
stituting the basis for recovery of damages, he may amplify
his charges of negligence and make new specifications.
*Thayer v. Smoky Hollow Coal Co.,* 129 Iowa, 551; *Gordon
v. Chicago, R. I & P. R. Co.,* 129 Iowa, 747.   As further
illustrations of the liberality with which amendments are to
be allowed if the substantial cause of action is not changed,
see *Anderson v. Acheson,* 132 Iowa, 744; *Daley v. Gates,* 65
Vt. 591; *Jacobs v. Gilreath,* 41 S. C. 143 (19 S. E. 310).
In an action to recover damages the cause of action is not on
the one hand the damage suffered by plaintiff, nor on the
other hand the mere evidentiary facts showing defendant's
wrong; but it is the wrong itself done by defendant to
plaintiff, that is the breach of duty by the defendant to the
plaintiff, whether it be a duty arising out of contract or of
tort.   *Williamson v. Chicago, R. I. & P. Ry. Co.,* 84 Iowa,
583; *Taylor v. Taylor,* 110 Iowa, 207; *Kuhns v. Wis. I. & N.
R. Co.,* 76 Iowa, 67; *Terre Haute & I. R. Co. v. Zehner,* 166
Ind. 149 (76 N. E. 169, 3 L. R. A. (N. S.) 277), and note.
In *Box v. Chicago, R. I. & P. Ry. Co.,* 107 Iowa, 660, there
are expressions indicating the view that the cause of action
consists of those facts which it is necessary for plaintiff to
prove in order that he may recover in his action.   But the
cases do not sustain so broad a statement of the rule.   Those
already cited furnish illustration supporting the proposition
that averments may be added by way of amendment without
which plaintiff could not recover, and which could not have
been proven in the absence of the amendment, without chang-
ing the cause of action as originally alleged.   The case last
cited is distinguished in *Taylor v. Taylor,* 110 Iowa, 207, and
*Gordon v. Chicago, R. I. & P. R. Co.,* 129 Iowa, 747, where
it is held that, if the effect of the amendment is not to add a
new cause of action or substitute a different one, but merely
to correct averments of fact necessary to clearly state on
what the original petition was in reality founded, it does

not state a new cause of action. In the case before us the amendment relates to the same transaction as that designated by the original petition; and while identity of transaction is not conclusive for the reason that the same transaction may furnish the basis for distinctly different causes of action, yet where the breach of duty alleged in the original petition remains the same as that charged with the addition of the amendment, we think no new cause of action can be said to have been introduced by the amendment.

The fact that for the want of some required averment plaintiff's petition is subject to demurrer does not necessarily show that an amendment adding the necessary averment sets up a new cause of action. The grounds of demurrer are statutory (see Code, section 3561), not necessarily logical, and some of them relate to matters which clearly constitute no essential part of the cause of action. The want of capacity on the part of the plaintiff to maintain the cause of action, as appearing on the face of the petition, may be thus raised, although the cause of action may be adequately averred. Likewise the pendency of an action thus appearing may be raised by demurrer, although the petition does not show the want of a cause of action, but only matter of abatement. The bar of the statute of limitations appearing on the face of the pleading is a ground of demurrer, although plainly the bar of the statute relates to the right to maintain the action, and not the existence of a cause of action, for it has always been held that the statute of limitations relates to procedure and not the right. Failure of the petition to allege the contract sued on to be in writing when by the statute of frauds it is required to be so evidenced is made a ground of demurrer, although our statute of frauds relates specifically to the admissibility of evidence, and not to the right of action itself. See Code, section 4625; *Cobb v. Illinois Cent. R. Co.,* 38 Iowa, 601, 626. Indeed the mere failure to set out a copy of the writing or account sued on is made a ground of demurrer, although plainly such failure has

no reference to the cause of action itself, and logically the omission could be supplied by amendment at any time even after the bar of the statute of limitations has accrued. Even where the ground of demurrer is that the petition fails to state a cause of action, the defect being properly specified, the objection may go simply to some incidental matter of pleading rather than to the existence of the cause of action which plaintiff has attempted to plead. Thus an omission to allege the making of a demand or the nonpayment of damages might be a ground of demurrer, although the objection did not affect the existence of a cause of action in any way whatsoever; and it would be absurd to say that if in fact, the demand had been made or the damages had remained unpaid at the time the petition was filed, such necessary averment could not be added after the statutory period of limitation had expired. Therefore we think that our rule requiring the plaintiff to aver freedom from contributory negligence, on the penalty of having his petition alleging the negligence of defendant as a cause of action held insufficient on demurrer, does not necessarily lead to the conclusion that the addition of such averment after the bar of the statute has accrued is an allegation of a new cause of action. There is no authority in this State for such a conclusion, and a case from another State has been called to our attention, in which the opposite result has been reached. *Pratt v. Davis,* 105 Mich. 499 (63 N. W. 506). In the case just cited the court says, with reference to the identical question now under consideration: "The amendment does not in our judgment introduce a new cause of action. The declaration, as amended, relates to precisely the same state of facts, and no new theory is evolved by the proposed amendments, which simply amplify the averments contained in the original declaration by statements in no way inconsistent with those originally set out." The dissent in that case has no reference to the question here involved. It must we think be plain in prin-

ciple that the allegations showing the breach by defendant of its duty to plaintiff and consequent injury are sufficient to state a cause of action, even though as a matter of pleading plaintiff is required to negative any contribution on his part to such injury.

A somewhat different course of reasoning leads to the same result. Although plaintiff's petition in such a case as this should contain an allegation of freedom from contributory negligence, yet if no such allegation is made, and the defendant alleges plaintiff's contributory negligence, the issue on that question is the same as though plaintiff had made the proper averment, and the burden of proof is still on the plaintiff to establish the fact of his own freedom from fault. It is error in such a case to throw the burden upon defendant, and allow plaintiff to recover merely upon overcoming such proof of negligence on plaintiff's part as defendant may introduce. *Decatur v. Simpson,* 115 Iowa, 348. If the parties go to trial on a material issue raised in defendant's answer, although it should have been tendered by plaintiff's petition, the court is not justified in directing a verdict for the defendant, if there was evidence bearing on the issue. *Union National Bank v. Barber,* 56 Iowa, 559. A verdict should not be directed on account of a defect in the petition which might be cured by amendment, for the plaintiff is entitled to have the objection raised in such manner that he may cure the defect if possible. *Free v. Western Union Tel. Co.,* 135 Iowa, 69; *Robbins v. Bosserman Bros.,* 133 Iowa, 318; *Brown v. Illinois Cent. R. Co.,* 123 Iowa, 239; *Frum v. Keeney,* 109 Iowa, 393. There is nothing in the case of *Pierson v. Independent School District,* 106 Iowa, 695, inconsistent with this conclusion, for in that case it affirmatively appeared that a presentation of a claim against the defendant which was indispensable to his right of recovery had not been made and plaintiff could not, therefore, have been prejudiced by the

*2. SAME: burden of proof: direction of verdict.*

direction of a verdict against him instead of a postponement of the consideration of the objection until raised by a motion in arrest of judgment.

The situation in the present case was simply this: Plaintiff had failed to allege a fact which should have been alleged to prevent his petition being vulnerable to demurrer. The defendant, instead of demurring, put that very fact in issue by his answer. If plaintiff, instead of asking leave to amend, had proceeded to trial, and introduced evidence showing his freedom from contributory negligence, the court could not properly have directed a verdict against him on account of the defects in his petition. The objection might technically have been raised by motion in arrest of judgment under Code, sections 3563, 3758; but on the filing of such motion the plaintiff would have had a right to amend in order to cure the defect, and as the defect had in fact been cured by going to trial on that issue as raised by defendant's answer, the motion should then have been overruled because the defect had, in fact, been remedied, and the issue which would have been raised by the filing of such amendment had in fact been determined. The system of pleading promulgated in our Code is not designed for the purpose of entrapping a party, but in order to effectuate justice. *Doniphan v. Street,* 17 Iowa, 317; *Clay v. Alcock,* 23 Iowa, 591. Where an issue has, in fact, been submitted to the jury, technical failure to raise such issue which might have been raised by proper pleading is cured by the verdict. *Crossen v. White,* 19 Iowa, 109; *Long v. Valleau,* 87 Iowa, 675, 683. The fact that plaintiff asked leave to amend on the eve of trial to cure the technical defect in his petition instead of going on with the case and making out his freedom from contributory negligence by affirmative evidence, as he might have done under the issue as raised by defendant's answer, should not put him in a worse position than that in which he otherwise would have been. He did not thereby elect to treat the defect in his petition as fatal to his right to recover. *Tyler*

*v. Bowen,* 124 Iowa, 452. Had plaintiff not asked leave to amend, the defendant could not have withdrawn its answer and demurred to plaintiff's petition, save by the court's permission, and this permission would not, we assume, have been granted for it would not have been in the interests of justice. The objection being a technical one which would not have prevented the defendant from having all the advantage to which it was entitled with reference to the issue as to contributory negligence, it ought not to have been allowed to defeat recovery by plaintiff on that account. The court could have tried this case on its merits, and determined every issue therein properly arising, and should have proceeded to do so.

The judgment is *reversed.*