### J. N. Dunlap & Co., Appellant, v. Steve Anderson, Appellee.

**Evidence:** PROOF OF LOCAL CUSTOM. A local custom among real estate agents, with reference to assisting each other, can not be proven without a showing that the opposite party knew of the custom.

**Brokers:** COMMISSIONS: EVIDENCE. A real estate broker in a commission action may show that defendant made no other objections to a contract of sale tendered him than such as were enumerated by him at the time of the tender.

**Trial:** WITHDRAWAL OF CAUSES OF ACTION. Counts of a petition which are unsupported by evidence should be withdrawn from the consideration of the jury.

**Brokers:** INSTRUCTIONS: CONFORMITY TO ISSUES. Defendant's evidence in this action tended to show an agreement between the broker, the purchaser and the owner, that the contract of sale should be left with the owner and if his wife would sign or accept it it should be regarded a sale, otherwise not; and there was contention that terms of sale were agreed upon when the land was listed with the broker. *Held,* that an instruction to the effect that if the jury so found the plaintiff could not recover was proper as presenting the issue tendered by such evidence.

**Same:** RATIFICATION. Where the evidence in a broker's action for commission was not such as to require an instruction on the subject of ratification of the agent's acts, its omission in the absence of a request therefor was not erroneous.

*Appeal from Greene District Court.*—Hon. F. M. Powers, Judge.

FRIDAY, DECEMBER 15, 1911.

ACTION at law to recover a commission for finding a purchaser for certain real estate belonging to defendant. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*A. D.* and *R. G. Howard,* for appellant.

*J. A. Henderson* and *Wilson & Albert,* for appellee.

DEEMER, J.—Plaintiff's petition is in three counts. The first is based upon an agreement to pay plaintiff a commission, the amount not being fixed, recovery being asked for the reasonable value of the service; the second upon an agreement to pay plaintiff the sum of $172, or $1 per acre, as commission for selling the land; and the third is a combination of the two claims elaborated to a considerable extent by allegations as to the facts under which the land is claimed to have been listed and the purchaser found. The trial court submitted the third count only, and of this complaint is made. The verdict was for the defendant.

I. For a reversal, plaintiff relies upon many propositions arising out of rulings on the admission and rejection of testimony, the giving and refusal to give certain instructions, and the overruling of his motion for a new trial.

There were several erroneous rulings on the rejection of testimony, but these were cured either by admissions made by defendant, or by the introduction of like testimony from other witnesses, or by the final admission of the testimony, and no prejudice resulted to plaintiff from the rulings. Plaintiff sought to show a local custom existing between real estate agents in his community, with reference to assisting each other, without any testimony that defendant knew of such custom. Clearly such testimony was inadmissible under the issues tendered by the pleadings.

1. EVIDENCE: proof of local custom.

He should have been permitted to show that defendant made no other objections to a contract of sale tendered than those enumerated by the defendant when the contract was presented. This was cured by other testimony, however, and plaintiff had the benefit thereof. Although plaintiff was denied the right to show former listing of the lands with him, this matter was fully cured by admissions of the defendant and by other testimony. Certain rulings on the admission of testimony are complained of which need not be specially considered, for the reason that they were made upon questions propounded as cross-examination, or called for relevant and material facts.

2. BROKERS: commissions: evidence.

II. At the close of the testimony, defendant filed a motion asking the court to withdraw from the jury counts one and two of the petition. This motion was sustained and exception taken. This ruling, as well as the instructions of the court, limiting the issues to the matters tendered by the third count of the petition, are complained of. There was no testimony to support these counts of the petition, and the instructions given covered the real issue in the case as elaborated in the third count. The testimony was evidently directed to this third count, and there was no error in refusing to submit the other two.

3. TRIAL: withdrawal of causes of action.

III. No exceptions were taken to the instructions at the time of trial, and the only exceptions embodied in the motion for a new trial which we may consider have relation to instructions one and four, which are claimed to be in conflict, and to eleven and one-half as follows: "The court erred in giving said instruction number eleven and one-half for the reason that the same is in direct conflict with the other instructions in the case, in this: that the court told the jury that the plaintiffs were entitled to recover herein if they had shown that the lands were listed with them, and that the plaintiffs had procured a purchaser ready, able,

and willing to purchase said lands; while said instruction number eleven and one-half makes the whole matter depend upon the leaving of the contract at the house of the defendant to be signed by his wife if she should agree. This instruction is in direct conflict with the law inasmuch as the plaintiffs were entitled to recover if they had furnished such a purchaser, and it was immaterial that the wife had refused to sign, as their commission was earned when the purchaser was furnished, and did not in any manner depend upon the signing of the contract by the defendant or his wife;" and to number thirteen because it does not conform to the pleadings or the proof offered in the case. The other exceptions are too general to be noticed. *Tyler v. Bowen*, 124 Iowa, 452; *Rule v. McGregor*, 115 Iowa, 323, and cases cited.

Instruction one stated the issues as we think correctly, and instruction four is not in conflict, but in exact harmony therewith.

Instruction eleven and one-half reads as follows: "If you find that Anderson, Wiggins, and Dunlop agreed that the contract should be left with Anderson, and if Anderson's

4. BROKERS: instructions: conformity to issues.

wife would sign it he would accept it, and that his wife refused to sign it, then it would not bind Anderson, and plaintiffs can not recover." The instruction was in accord with some of the testimony introduced by the defendant, and was intended to cover that feature of the case. Standing alone and considered without reference to the testimony, it would seem to be in conflict with other instructions. But construed as it must be, in the light of the testimony, it was the method which the court adopted of presenting defendant's version or one of his claims as to nature of the transaction. He contended that, after some contention between him, the plaintiff, and Wiggins, the purchaser of the land, it was finally agreed between them that the contract should be left with Anderson, and, if his wife would sign or accept it, it

should be regarded as a sale, otherwise the whole matter was to be abandoned. It is nowhere asserted that the exact terms of the sale were agreed upon at the time the land was listed, and, when the contract for the sale to Wiggins was presented to defendant, he refused to accept it and finally agreed to the terms upon condition that his wife would sign. This was disputed by the plaintiff, but the issue thus tendered was for a jury, and under the facts disclosed there was no error in the instruction, and no real conflict between the rule thus stated and the other instructions. If the jury failed to find that there was such an agreement between plaintiff and defendant, and the purchaser, Wiggins, as was referred to in the instruction, plaintiff was not entitled to recover unless he proved the allegations of the petition, but, if it found there was such a contract, then plaintiff was manifestly not entitled to recover. The instruction might perhaps have been better framed, but, taken in connection with the testimony in the case, there was no prejudicial error. Instruction thirteen is in accord with the testimony, and states that plaintiff, if entitled to recover at all, was limited to the sum of $172, with interest, that being the sum which plaintiff's testimony tended to show was agreed upon between the parties in the final negotiations as to the reasonable value of plaintiff's services.

IV. It is contended that the trial court was in error in not instructing upon the question of ratification of plaintiff's acts in attempting as agent to find a purchaser for the land. No such instruction was asked,

5. SAME. ratification.

and the testimony was not such as to call for an instruction upon the subject, in the absence of a specific request. True, ratification did not have to be pleaded, but there must have been testimony of ratification to justify an instruction upon the subject. No proper exception was taken to the refusal of the court to give the only instruction asked by plaintiff. The testimony with

reference to every material issue was in sharp conflict, and we can not say that the verdict is without sufficient support. Until the parties got together with the proposed purchaser, there was nothing done which to our minds would justify a verdict for the plaintiff. True, there was talk about selling defendant's land, but the terms were not fixed, and nothing was said about a commission. When the matter of terms was brought to defendant's notice and the question arose as to a commission, the trouble began. Plaintiff has one version of what then occurred, and the defendant another, and the disposition of the case finally turns upon what was then said and done. Defendant's theory was presented by instruction eleven and one-half already quoted, while plaintiff insists that no such conditions were made, and that it is no excuse for defendant that his wife would not sign the contract. In support of our conclusion that no contract to pay a commission was made when the original talk was had regarding the sale of the land, see. *Welch v. Collenbaugh,* 150 Iowa, 692.

The verdict has such support in the testimony that we can not interfere. The judgment must be, and it is, *affirmed.*