FANNIE W. EMENY, Appellant, v. FARMERS ELEVATOR COMPANY OF IOWA FALLS, Appellee.

LIMITATION OF ACTIONS: Pleadings—Amplifying Amendment
1  After Bar. A timely petition to enforce, against a conversioner of the tenant's crop, a landlord's lien, under an oral lease, may be amended, after the statute of limitation has fully run against the claim, by alleging (1) the reasonable value of the rent; (2) the corporate capacity of the defendant; and (3) the value of the crop converted, as compared with the larger sum due as rent. This is true even though these amplifying details are labeled "an additional count and cause of action."

PLEADING:   Form and Allegations—Construction.   The construction
of an unambiguous pleading may not be controlled by a particular
label placed thereon by the pleader.

*Appeal from Hardin District Court.*—E. M. McCALL, Judge.

SEPTEMBER 19, 1922.

ACTION by a landlord for damages for conversion of prop-
erty upon which she had a landlord's lien.  The commencement
of her action was within the period of the statute of limita-
tions.  After the expiration of such period, she filed an amend-
ment to her petition.  On motion of the defendant, this was
stricken, as barred by the statute of limitations.  From such rul-
ing she has appealed.—*Reversed.*

*Kelleher & Mitchell,* for appellant.

*W. W. White* and *Peisen & Soper,* for appellee.

EVANS, J.—The original petition charged, in substance,
that the defendant purchased and converted to its own use cer-
tain grain specifically described therein, upon which the plain-
tiff had a landlord's lien for rent.  About one
year thereafter, she filed an amendment to her
petition, wherein she reasserted her original
allegations, and added thereto certain other
allegations.  She prayed therein for the same recovery as in the
original petition.  The defendant filed a motion to strike the
amendment, on the ground that it presented a new and distinct
cause of action, and was, therefore, barred by the statute of
limitations.  The motion was sustained.  The question in the
case is:  Did the amendment present a new and distinct cause
of action, in such sense that it was barred by the statute of limi-
tations; or was it a further specification and amplification of
the original petition?

A comparison of the original and the amendment is not
practicable, except by setting them out.  The original petition
was as follows:

"That the plaintiff is a resident and citizen of Hardin

1. LIMITATION OF
ACTIONS: plead-
ings: amplifying
amendment after
bar.

County, Iowa; that the defendant runs and operates an elevator at Iowa Falls, Iowa; that the plaintiff in this action is the owner of certain land in Hardin County, Iowa, which land is known as the Riverside Farm, and which farm the plaintiff in this action rented to one Frank T. Pemberton; that the land is described as follows: [description]; that said premises were rented to the said Frank T. Pemberton by an oral lease, and that the relationship of landlord and tenant existed between this plaintiff and the said Frank T. Pemberton; that, during the year 1919, the said Frank T. Pemberton raised certain grain upon said premises, and that certain parts of this grain were sold to the defendant in this action; that there is attached to this petition and made part hereof Exhibit A; that said Exhibit A is an itemized statement of the amounts and the value of the grain delivered by the said Frank T. Pemberton to the defendant in this cause; that said plaintiff claims said grain and the value thereof as being raised upon the premises of this plaintiff by a tenant, and that she is entitled to recover the value of said grain from the defendant, who purchased said grain from the said Frank T. Pemberton; that said grain was of the value of $440.58; that this claim is the property of the plaintiff; that proper demand has been made from the defendant; that no part of same has been paid.

"Wherefore, plaintiff demands judgment against the defendant in the sum of $440.58, together with interest from August 21, 1919, and costs.

"Kelleher, Hanson & Mitchell,

"Attorneys for Plaintiff.

"Exhibit A.

"Farmers Elevator Company,

"Iowa Falls, Iowa,

"In Account With

"Fannie W. Emeny.

"1919

Aug.  9, To 1720 lbs. oats @ 64c .............. $34.40
Aug.  9, To 1990 lbs. oats @ 64c .............. 39.81
Aug. 11, To 1810 lbs. oats @ 67c .............. 37.90
Aug. 11, To 2010 lbs. oats @ 67c .............. 42.09

Aug. 12, To 1840 lbs. oats @ 67c .............$ 38.53
Aug. 12  To 2000 lbs. oats @ 67c .............  41.88
Aug. 13  To 2160 lbs. oats @ 67c .............  45.23
Aug. 14  To 2140 lbs. oats @ ................  45.88
Aug. 16  To 2050 lbs. oats @ 67c .............  42.92
Aug. 21  To 2360 lbs. oats @ 65c .............  47.94
         To 1800 lbs. ear corn @ $1.00
         for 75 lbs. ........................  24.00
                                               ────────
                      Total...............$440.58''

The amendment was as follows:

''For further and other cause of action, plaintiff avers that the defendant is a corporation organized under the laws of the state of Iowa; that the plaintiff was the owner, at all times in this petition referred to, of the following described premises: [description]. That the said premises were leased for the year commencing March 1, 1919, and ending March 1, 1920, to one Frank T. Pemberton, by an oral lease (except as to the amount of rental), whereby the said plaintiff became entitled to the reasonable rental value of the said premises for the said year, which reasonable rental value the plaintiff avers to have been not less than the sum of $10 per acre, or $2,300. That crops were grown upon the said premises by the said Frank T. Pemberton and one Sam Snyder, the latter occupying the premises, whether as employee, subtenant, or otherwise, the plaintiff is unable to state. That the plaintiff had a lien upon said crops for the whole of the said rental due from the said premises, or, to wit, the sum of $2,300, which said rentals are, and were at the time of the filing of this suit, unpaid, and that the plaintiff is, and was at the time of the filing of the original petition herein, entitled to enforce her lien against all crops grown upon said premises, into whosesoever hands the same had passed. That there was delivered to and taken into possession by the said defendant, on or about the date specified in the Exhibit A hereto attached, the quantities of grain, consisting of corn and oats, set forth in the said Exhibit A, and which were of the total value, on said dates, of not less than the amounts set forth in the said Exhibit A, and of an aggregate value for all of said items

of $440.58. · That there is attached to the original petition, herein filed, marked Exhibit A, and by reference made part hereof, a correct, true, and itemized statement of account of the quantities of grain, corn, and oats grown upon said premises which were received by and passed into the possession of the said defendant upon the respective dates shown in the said exhibit, and which was of the value as therein shown, upon all of which the said plaintiff had a lien to secure the rental for said premises, and which said lien was never by the plaintiff released. That the said defendant, long prior to the commencement of this action, intermingled the said grain with other grains, and transported and shipped the same beyond the state of Iowa, and because thereof, it was impossible to levy a landlord's writ of attachment upon the identical grain in the hands of the said defendant. That defendant refused to deliver up said grain or pay the value thereof, though due demand was made therefor. And because of the facts herein stated and set forth, the plaintiff is entitled to recover the value of the said grain, as hereinbefore averred, the plaintiff's lien for rent thereon being in an amount greater than said value. That this action is brought for the recovery of the said rent, and for the enforcement of the plaintiff's lien therefor, and this action is brought to recover rent accrued within one year previous thereto, upon the premises of the plaintiff described in the petition. This action is brought for rent alone, and that, by reason of the premises, the said defendant has become, and is, indebted to the plaintiff in the amount of the values hereinbefore averred.

"Wherefore, the plaintiff demands judgment against the said defendant for the sum of $440.58, together with costs."

The description of the land in each case was identical. The difference between the original and the amendment consists, in substance, in the following allegations of the amendment: (1) That the defendant was a corporation; (2) that the action was brought for rent alone; (3) that the oral lease referred to in the petition did not provide a specified rent, but that a reasonable rental was $10 per acre; (4) that the amount of rent due the plaintiff, and for which she had a landlord's lien, was largely in excess of the amount claimed from the defendant, and that such sum total was $2,300, being $10 an acre upon 230 acres.

The original and the amendment refer to the same land and to the same tenant and to the same lease for the same year and to the same property purchased by the defendant, and both claim from the defendant the same exact amount, $440.58. The claim set forth in the amendment is predicated, in terms, upon Exhibit A of the petition. It is well settled in this state that the commencement of an action tolls the statute of limitations, and that the statute will not be available as a bar to any appropriate amendment which seeks to amplify or correct the original petition and to support the identical cause of action purported to be set forth therein. *Taylor v. Taylor,* 110 Iowa 207; *Gordon v. Chicago, R. I. & P. R. Co.,* 129 Iowa 747; *Cahill v. Illinois Cent. R. Co.,* 137 Iowa 577; *Knight v. Moline, E. M. & W. R. Co.,* 160 Iowa 160; *Hueston v. Preferred Acc. Ins. Co.,* 184 Iowa 413. It is only when a new and distinct cause of action is pleaded in the form of an amendment that the statute of limitations will operate as a bar. This rule is conceded by the appellee. It is contended, however, that the amendment in the case before us did plead a new and distinct cause of action. This contention is based upon three argumentative grounds: (1) That the amendment pleads a *quantum meruit* as the measure of the amount of rent due; (2) that the amendment describes itself as Count 2; (3) that the introductory phrase of Count 2 is, ''For further and other cause of action.''

Going to the essential elements of plaintiff's cause of action, as distinguished from mere details of evidence, one of such was that the plaintiff had a landlord's lien for rent upon the property converted as alleged by the defendant. The essential right was the *lien,* and not the details of the lease under which the lien was created. It was essential to her that she prove her lien. The lien was none the less such, and none the more, whether the lease provided for a specified rent or implied a reasonable rent. This was a detail of the pleading only for the purpose of advising the defendant in advance of trial of the nature of the proof proposed to be offered. The injury to the plaintiff by reason of the alleged conversion, if such, was precisely the same, and likewise the liability of the defendant, upon either theory. The only one of our cases which might be deemed to hold contrary hereto is *Box v. Chicago, R. I. & P. R. Co.,* 107

Iowa 660. But that case has been greatly modified, and in effect overruled, upon that question, in our later cases above cited.

As to the second ground of argument by appellee, the fact that the amendment denominated itself as "Count 2" is by no means controlling. It is permissible to plead the same cause of action in separate counts, where the separate counts present different theories of recovery. In a suit upon an express oral contract, where dispute is presented as to the terms of the contract on questions of compensation or value, it is quite usual, and is always permissible and advisable, to plead a *quantum meruit* in a second count.

As to the third ground, it is a legitimate argument that the opening phrase of the count operates against the appellant, in that it purports to be a statement of a "further and other cause of action." If the pleading, as a whole, were ambiguous and capable of different constructions, this would be a persuasive argument in favor of a construction hostile to the pleader. But the pleading, as a whole, is not ambiguous and not doubtful in its terms. The opening phrase was manifestly an inadvertent formality. The phrase itself was fairly subject to a motion to strike. If such had been the motion, and such the ruling, there could be no ground of complaint. The effect of such a ruling would be to let the amendment stand, in so far as it was a mere amplification in support of the original petition, and to refuse to let it stand as a purported additional cause of action.

2. PLEADING: form and allegations: construction.

We have already enumerated the points of difference between the original and the amendment. As to the allegation of the corporate character of the defendant, this was an amendment that could have been made at any time before verdict or after. In the absence of demurrer or motion, it is doubtful whether it was a necessary allegation at all. The allegation that the suit was brought "for rent alone" was quite unnecessary, and added nothing material to the petition. The requirement of the statute sought to be complied with by such allegation is simply a basis for the issuance of a landlord's attachment. No attachment was asked for, and none was necessary.

*Youngerman v. Long,* 95 Iowa 185; *Bartlett v. Gaines,* 11 Iowa 95.

The allegation that the sum total of rent due the plaintiff was in excess of $440.58 and was in the total amount of $2,300 was a mere amplification of the general allegation of the petition that the plaintiff "is entitled to recover the value of said grain from the defendant."

It was perhaps necessary for the plaintiff to plead the implied contract as to the reasonable rental value, in order to be permitted to prove the same upon the trial. It was at least a proper precaution for the pleader to take. Except as to this item, we see little occasion for the rest of the amendment. It manifests only an abundance of caution and an attempt at literal compliance with the landlord's lien statute. Such formality is not required for the purpose of a damage suit for conversion. While we have held, for the purpose of the statute of limitations, that such an action is a method of enforcement of the landlord's lien, it is none the less an action for damages for conversion, when plaintiff chooses to make it such, the measure of damages being limited to the amount of plaintiff's loss thereby. If the motion had assailed the amendment on the ground of its immateriality, and if it had been sustained on that ground, we would have been disposed to affirm the order, except as to the *quantum meruit.* But the motion was predicated only upon the bar of the statute of limitations, and was sustained *in toto* accordingly. It was not a proper method of pleading the statute of limitations. But appellant has not objected to the method adopted, and has acquiesced in it as the equivalent of a demurrer. Treating the motion as a demurrer, we cannot sustain it without sustaining the grounds upon which it is based. If the motion had been sustained only as to the opening phrase of the amendment, "For further and other cause of action," we might properly affirm the order, notwithstanding the form of the motion itself. We are clear that the grounds of the motion as a whole were not well taken, and that the order sustaining the same was erroneous. The order must accordingly be reversed, without prejudice to the defendant's right to move to strike the objectionable opening phrase above quoted. In so far as the amendment is an attempted amplification of the original peti-

tion, and is directed to the identical cause of action therein, and prays for the same judgment, it is proper pleading, and is not subject to the bar of the statute of limitations.—*Reversed and remanded.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.