ELENORA DILLE, Administratrix, Appellant, v. PLAINVIEW COAL
COMPANY et al., Appellees.

No. 41397.

828

OCTOBER 24, 1933.

REHEARING DENIED APRIL 5, 1934.

John T. Clarkson, for appellant.

Huebner & Huebner, for appellees.

DONEGAN, J.—At the outset we are confronted by two motions to dismiss. One of these motions is to dismiss the appeal of the administratrix, and the other is to dismiss the appeal of the surviving spouse. Each of these motions contains two grounds. In order to understand the grounds of these motions, it becomes necessary to set out a brief statement of facts.

W. O. Dille filed his petition for allowance of compensation on the 9th day of December, 1929, alleging that he was an employee of the appellee company on the 22d day of October, 1929, and sustained an injury arising out of and in the course of his employment. The answer of the appellee company admitted the employment, but denied all other allegations contained in the petition. The answer further denied that any disability from which claimant was suffering resulted from an injury sustained by him arising out of or in the course of his employment, and alleged that whatever disability the claimant had was due to a disease not resulting from injury. Hearing was had before the deputy industrial commissioner beginning on the 17th day of December, 1929. In the course of such hearing the deposition of said W. O. Dille was taken. Before the case was submitted to the deputy industrial commissioner, W. O. Dille died on the 28th day of December, 1929. On the 4th day of January, 1930, Mrs. W. O. Dille filed an amendment to the petition alleging the death of said W. O. Dille and that she was his surviving spouse, and asking that she be substituted as plaintiff in the action. On the same day, Mrs. Dille, as substituted claimant, filed a motion for permission to introduce additional testimony. On January 7, 1930, the defendants filed a resistance to said motion for the introduction of additional testimony. On the same day defendants also filed a motion to dismiss and strike the amendment to the petition. Thereafter, on the 25th day of March, 1930, Elenora Dille, as administratrix of the estate of W. O. Dille, deceased, filed a petition asking to be substituted as plaintiff and that compensation be awarded her as such administratrix, subject to whatever rights may be found in Mrs. W. O. Dille, as claimed by her in her petition heretofore filed as substituted claimant in her own behalf, and/or subject to whatever rights Mrs. W. O. Dille, surviving spouse of W. O. Dille, may have in her petition of intervention. On the same day, Mrs. W. O. Dille, as surviving spouse of W. O. Dille, filed a petition of intervention and asked that compensation be awarded to her.

On the 7th day of April, 1930, the deputy industrial commissioner entered an order overruling the defendants' motion to dismiss said cause, but sustained said motion to strike the amendment filed by Mrs. W. O. Dille on January 4, 1930. Said order further provided that the cause should proceed to hearing and final submission on the application filed by Elenora Dille, as administratrix,

and on the petition of Elenora Dille, as intervenor, but reserved for further ruling the question as to whether or not said Elenora Dille, as administratrix, is a proper party in interest in this proceeding and also the question whether or not intervenor, Elenora Dille, as the dependent surviving spouse of W. O. Dille, deceased, is a proper party in interest in the proceeding and has the right to intervene or to prosecute in said proceeding any claim for workmen's compensation she might have as such surviving spouse.

Said order further provided for the introduction of further testimony. Further testimony was taken before the deputy industrial commissioner, and, on the 30th day of June, 1930, he entered a ruling in which he held that the claimants failed to discharge the burden of proving that the disability and death of W. O. Dille resulted from injury arising out of and in the course of his employment by defendants.

On the 3d day of July, 1930, claimants filed a petition for review of the decision of the deputy industrial commissioner by A. B. Funk, Iowa industrial commissioner, and asked that upon such review compensation be awarded in claimants' favor, or, in any event, in favor of Elenora Dille, widow of deceased. Pursuant to such application and notice of introduction of additional witnesses given by claimants, such cause was heard in review before A. B. Funk, Iowa industrial commissioner, beginning October 1, 1930, and the testimony of additional witnesses taken. At the close of such hearing in review, the cause was submitted to said industrial commissioner, and, on the 16th day of October, 1930, he entered his decision in which it was decided that said Elenora Dille, as surviving spouse of W. O. Dille, deceased, was entitled to prosecute the action, and that compensation should be awarded to her in the sum of $8.82 per week for 300 weeks. No specific mention is made in this decision in reference to the right or want of right of said Elenora Dille, as administratrix of the estate of W. O. Dille, deceased, to prosecute the claim as substituted claimant, but it would seem to follow as a necessary conclusion that the decision that Elenora Dille, as surviving spouse of the decedent, was the proper person to prosecute the action as substituted claimant, necessarily negatived the same right of the administratrix.

The defendants appealed from the foregoing findings of the industrial commissioner to the district court of Monroe county, Iowa, and, on the 22d day of July, 1931, the judge of said court entered

his memorandum opinion, in which he reversed the findings of the industrial commissioner and ordered that the case be remanded to the commissioner for further proceedings in harmony with the holdings of the district court, as provided by statute, and that a record entry be prepared in keeping with such memorandum opinion, and saving exceptions to interested parties. On July 30, 1931, a record entry was entered in the district court of Monroe county, Iowa, pursuant to said memorandum opinion, ordering that the cause be remanded to the Iowa industrial commissioner for further proceedings in harmony therewith.

I. The first ground of appellees' motion to dismiss the appeal of Elenora Dille, as administratrix of the estate of W. O. Dille, deceased, is as follows:

"1. That in his decision in review, which appears at pages 429 to 438 of appellant's abstract, which is by reference made a part hereof, the Iowa Industrial Commissioner denied said administratrix' claim for compensation and she took no appeal therefrom to the District Court within the time and in the manner prescribed by Code, section 1449, and thereby she waived all right to appeal therefrom and is now barred from appealing therefrom to the District Court or to the Supreme Court."

Section 1449 of the Code provides that:

"Any party aggrieved by any decision or order of the industrial commissioner in a proceeding on review, may within thirty days from the date such decision or order is filed, appeal therefrom to the district court of the county in which the injury occurred," etc.

Elenora Dille, as administratrix of the estate of W. O. Dille, deceased, did not appeal from the decision of A. B. Funk, industrial commissioner, holding that she, as administratrix, could not prosecute the action. So far as we can find, there is no authority which permits a person who fails to appeal to the district court from an adverse decision of the industrial commissioner to later have such decision reviewed on an appeal to this court. By failing to appeal from the decision of the industrial commissioner, which negatived her right to recover compensation as substituted claimant in the case, the administratrix has waived any right to be heard upon that proposition in this court. As the appeal of Elenora Dille, as administratrix, must therefore be dismissed for the reason above given,

it is not necessary to consider the second ground of the motion to dismiss the appeal.

II. The first ground of appellees' motion to dismiss the appeal of Elenora Dille, as surviving spouse of W. O. Dille, deceased, is based upon the allegation that said Elenora Dille, as surviving spouse of W. O. Dille, deceased, commenced and now has pending before the industrial commissioner a new action against the appellees wherein she alleges the same cause of action that she is seeking to recover on in this appeal, and that, by commencing such new action, she thereby waived her rights to prosecute this appeal and has abandoned the same. Appellees' position at this point is based on two facts, to wit, (1) that appellant perfected her appeal to this court on September 3, 1931, and (2) that, thereafter, on October 15, 1931, she filed with the industrial commissioner a petition in the ordinary form praying that a board of arbitration be created for the purpose of determining the compensation due her as surviving spouse of W. O. Dille. In support of this contention, the appellees cite several Iowa cases. There is no doubt that the cases cited by appellees support the rule that a party may not have two identical causes of action pending at the same time in different courts, and that, when a party has taken an appeal from a decision of an inferior court or tribunal, if he afterwards begins a new action based upon the same matters involved in the decision appealed from, by commencing such new action he waives the right to prosecute his appeal. This, however, is a rule of practice, and is not based upon any statutory provision. In some of the cases the reason for the rule is put upon the inconsistency of allowing two actions to be pending at the same time. In other cases stress seems to be laid upon the hardship resulting from allowing the party against whom the appeal is taken to be subjected to the expense and trouble of defending two actions for the same matter; in one of the cases at least stress seems to be laid upon the fact that the second action was prosecuted to judgment. Appellant contends that the rule should not apply in this case because the new petition for allowance of compensation filed by Elenora Dille, after the appeal had been taken in this case, was filed merely for the purpose of avoiding the bar of the statute of limitations in case of a decision adverse to the claimant on this appeal. It is claimed by the appellant, and not denied by appellees, and there seems to be no question as to the truth of the claim that, when such new petition was

filed by Elenora Dille, the appellees were notified of the filing of same and the purpose for which filed, and were told that no further action would be taken on said claim until after the decision on this appeal. It further appears that such new petition of Elenora Dille, as surviving spouse, was not filed until about the time of the expiration of the 2 years allowed for commencing an action for allowance for compensation, that no further action has been taken in connection therewith, and that, if such petition had not been filed and a decision adverse to the appellant should be rendered in this case, she would be forever barred from prosecuting her claim as such surviving spouse.

Appellant cites the case of Shea v. Keith, 200 Iowa 300, 204 N. W. 275. In that case, action was brought to set aside certain transfers of personal property made by one J. C. Keith to P. J. Keith, on the ground of fraud. Before the case was tried, J. C. Keith was adjudged a bankrupt. The action to set aside the transfers was afterwards tried and decree entered. After the action had been tried, but before such decree was entered, P. J. Keith, to whom such transfers had been made, filed his claim in the bankruptcy proceeding, based upon the same notes of J. C. Keith, in consideration for which it was claimed the transfers had been made. After decree had been entered, said P. J. Keith filed an appeal from the decree setting aside the transfers. Appellee moved to dismiss the appeal on the ground that, by filing his claim in bankruptcy, based upon the same notes involved in the appeal, said P. J. Keith had waived his right to the appeal. In overruling the motion to dismiss the appeal for that reason, this court said:

"The claim of P. J. Keith recites that it was filed as a contingent claim to protect himself in the event the transfers of property involved in this cause should be set aside and the property turned over to the trustee in bankruptcy."

Appellees in this case claim that the reason for the decision in that case was that the bankruptcy law provided for the filing of contingent claims, and that there is no provision for the filing of a contingent action with the industrial commissioner or in the district court. The language of the opinion does not indicate that the dedecision was based on that ground. It indicates rather, that, because the claim was filed merely for the purpose of protecting the claimant in case of an adverse decision on the appeal, it did not

violate the rule contended for by the appellant in this case.

In our opinion, the holding in the Shea case, supra, is not inconsistent with the holdings in the cases cited by appellees. In none of the cases cited by appellees were the facts parallel with the facts in the Shea case or in the case now before us. In none of these cases did there appear to be any sufficient reason for the institution of the new action, and in each of them it was apparent that hardship and injustice would result in obliging the defendant to defend two separate actions in which the subject-matter and the rights and liabilities of the parties were the same. We are unable to see how any prejudice has resulted to the appellees in this case by the mere filing of the claim of Elenora Dille on October 15, 1931, whereas, on the other hand, the time and efforts and money expended in the trial and on the appeal of this action will be a complete loss to the appellant, if the appeal be dismissed upon the purely technical ground urged by the appellees. In our opinion, the reasons for the rule contended for by the appellees do not apply to the situation with which we are now confronted, and the appeal should not be dismissed upon the first ground of the appellees' motion.

The second ground of the motion to dismiss the appeal of Elenora Dille, as surviving spouse, is as follows:

"That the order of the District Court from which this appeal is taken, which appears at page 455 of appellant's abstract, which is by reference made a part hereof, is merely an intermediate or interlocutory order remanding said case to the Iowa Industrial Commissioner for further proceedings and said order is not a final order, judgment or decree and by reason thereof it is not appealable order within the meaning of Code, section 1456."

Section 1456 of the Codes of 1927 and 1931, governing appeals from the district court in workmen's compensation cases, is as follows:

"1456. * * * An appeal may be taken to the supreme court from any final order, judgment, or decree of the district court, but such appeal shall be docketed, placed upon the term calendar, and submitted in the same time and manner as criminal cases in said court."

After hearing in the district court upon the appeal from the decision of the industrial commissioner, the judge of the district court

filed a memorandum opinion, at the end of which it was stated that:

"It is, therefore, the order and judgment of this court that this case be remanded to the commissioner for further proceedings in harmony with the holdings of this court and as provided by statute."

Following the filing of this memorandum opinion, there was filed in the district court a record entry signed by the judge. This record entry, after certain formal statements as to appearances, etc., made certain findings, among which were the following:

"2. The Industrial Commissioner applied an incorrect and unreasonable rule of law and practice, over the objection of defendants' counsel, in permitting Elenora Dille to intervene after W. O. Dille's death in said case brought by him in his lifetime, and in permitting her to set up and prosecute in said case her individual claim for compensation as the dependent surviving widow of W. O. Dille, deceased.

"3. As Elenora Dille's claim for compensation, if any, as the dependent surviving widow of said decedent, vested in her individually and exclusively, and never at any time vested in said decedent, the same is not a right which passed from said decedent to her, and the same can be established and enforced only by and through a separate, independent action brought by her. By reason thereof, the Industrial Commissioner applied an incorrect and unreasonable rule of law in permitting Elenora Dille to intervene as aforesaid, and in making an award of compensation unto her as such intervenor."

Was the above record entry such a final order, judgment, or decree of the district court as may be appealed from under the provisions of section 1456? Appellees contend that, because the part of said record entry which contains the order of the court merely remands the case to the industrial commissioner, this order is therefore an interlocutory order and not a final order from which an appeal can be taken. In support of this contention, appellees cite various authorities from other jurisdictions, and argue that, under the provisions of section 1454 of the Code, the district court, when reversing or setting aside an order or decision of the industrial commissioner, may remand the case to the commissioner for further proceedings in harmony with the holdings of the court, or may enter the proper judgment, as the case may be; and that, as the order

entered remanded the case to the commissioner for further proceedings, this order cannot be considered as the judgment which the statute authorized the district court to enter.

Section 1456 of the Code authorizes an appeal in compensation cases from any final order, judgment, or decree of the district court. Section 11567 of the Code states that:

"Every final adjudication of the rights of the parties in an action is a judgment."

Appellant contends that the judgment entry in question is, in effect, a final adjudication of the rights of the parties, because it is decisive of the right of Elenora Dille, as surviving spouse, to prosecute this action. Under appellees' contention, the case having been remanded to the industrial commissioner, before there could be a final order or judgment in the district court, it would be necessary that the industrial commissioner enter an order dismissing the case, in accordance with the finding and order of the district court; that the appellant again appeal to the district court from this order of the industrial commissioner dismissing the case; and that the district court then enter an order affirming the dismissal of the case by the industrial commissioner. In our opinion, the law does not contemplate such circuity of action. Under the order of the district court, the industrial commissioner would be obliged to follow the findings of the district court, and under such findings there could be no alternative but a dismissal. The findings of the district court went to the very merits of the case of Elenora Dille, as surviving spouse of W. O. Dille, to prosecute this action as the substituted claimant in the original action filed by him. They determined and were a final adjudication of her rights as such surviving spouse, and the fact that the record entry remanded the case and directed the industrial commissioner to proceed in harmony with the holdings of the district court did not prevent such record entry from being a final adjudication of the rights of Elenora Dille as surviving spouse. In our opinion, the record entry of the district court was such a final adjudication as amounted to a judgment, and the motion to dismiss the appeal as to Elenora Dille, as surviving spouse of W. O. Dille, deceased, is therefore overruled.

■ III. We come next to the consideration of the right of Elenora Dille, as surviving spouse of W. O. Dille, deceased, to be substituted as claimant in the action filed by him during his life-

time. It is undisputed in this case that Elenora Dille is the surviving spouse and only dependent of W. O. Dille, deceased. Sections 1392, 1402, and 1403 of the Code refer to the rights of dependents, and, so far as applicable to this case, are as follows:

"1392. Death cases—dependents.

"1. When death results from the injury, the employer shall pay the dependents who were wholly dependent on the earnings of the employee for support at the time of his injury, the weekly compensation for a period of three hundred weeks from the date of his injury. * * *

"4. When weekly compensation has been paid to an injured employee prior to his death, the compensation to dependents shall run from the date to which compensation was fully paid to such employee, but shall not continue for more than three hundred weeks from the date of the injury. * * *

"1402. Persons conclusively presumed wholly dependent. The following shall be conclusively presumed to be wholly dependent upon the deceased employee:

"1. The surviving spouse, with the following exceptions: [None of the exceptions are applicable to this case.] * * *

"1403. Payment to Spouse—Death Before Payment. If the deceased employee leaves a surviving spouse, the full compensation shall be paid to her or him, subject to the exceptions in the preceding section; provided that where a deceased employee leave a surviving spouse and a child or children under sixteen years of age, or over said age if physically or mentally incapacitated from earning, the industrial commissioner may make an order of record for an equitable apportionment of the compensation payments.

"If the spouse dies before full payment, the balance shall be paid to the person or persons wholly dependent on deceased, if any, share and share alike. If there are none wholly dependent, then such balance shall be paid to partial dependents, if any, in proportion to their dependency."

While this action was originally filed by W. O. Dille during his lifetime, no compensation was paid to him, and it is therefore apparent that, upon his death, the entire claim for the compensation belonged to the surviving spouse.

Sections 1393 to 1396, inclusive, of the Code refer to the rights to compensation of the injured employee. It is clear from

the provisions of these sections that the injured employee's rights to compensation are based on his disability. It seems equally clear that the sections previously quoted, as having reference to the rights to compensation of dependents, show the rights of such dependents to be based on their loss of support. It was decided by the district court, and urged by appellees in this appeal, that, the rights of the injured employee being different from those of the surviving spouse, there can be no survival of the action brought by W. O. Dille in his lifetime. Appellees cite several cases from various jurisdictions in support of the contention that the right of W. O. Dille to compensation was a personal right which did not survive him, but ceased with his death. Appellant has not referred us to any authority to the contrary, and, as we understand her argument, does not dispute the claim of appellees that the right under which she is claiming compensation is not the same as the right under which compensation was claimed by her deceased husband. She does, however, deny the further conclusion of the appellees that the cause of action of her deceased husband did not survive. It therefore becomes necessary to consider the question of the survival of this cause of action. The law governing the survival of actions in this state is governed by the following sections of the Code:

"10957. * * * All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.

"10958. * * * The right of civil remedy is not merged in a public offense, but may in all cases be enforced independently of and in addition to the punishment of the latter.

"10959. * * * Any action contemplated in sections 10957 and 10958 [the two preceding sections] may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived. If such is continued against the legal representative of the defendant, a notice shall be served on him as in case of original notices."

Under the provisions of section 10957 of the Code, *all causes of action survive,* and, under the provisions of section 10959, an action may be brought, *or may be continued* by or against the legal

representatives or *successors in interest* of the deceased.

Section 10957, above quoted, provides that "all causes of action shall survive". Therefore, it is important that we determine what is meant by "causes of action". The term "cause of action" has been considered in numerous cases in different jurisdictions, and has received numerous interpretations. Under many of the decisions the term "cause of action" seems to be considered as synonymous with "right of action". Under our own decisions, however, "cause of action" seems to have a different and broader meaning. In Williamson v. C., R. I. & P. Railway Co., 84 Iowa 583, 51 N. W. ·60, we said:

"The details of the transaction, by which the whole cause of action may be known and properly presented for trial, are matters that come within the spirit of the law permitting amendments in furtherance of justice. That in so doing some facts are changed, by way of averment, does not change the claim or cause of action, if there remains the same substantial ground of complaint."

In Box v. C., R. I. & P. Railway Co., 107 Iowa 660, 78 N. W. 694, we said:

"A 'cause of action' as the term is used in pleading, is not the name under which a state of facts may be classed, but it consists of the facts giving rise to the action.

"An action is a proceeding in court. * * * The cause of action is the fact or the facts that 'justify it or show the right to maintain it.' Hence, when a material fact, necessary to a recovery, is omitted from a petition, we say it does not state a cause of action."

And again, in Cahill v. Illinois Central Railroad Co., 137 Iowa 577, 115 N. W. 216, we said:

"In an action to recover damages the cause of action is not on the one hand the damage suffered by plaintiff, nor on the other hand the mere evidentiary facts showing defendant's wrong. But it is the wrong itself done by the defendant to plaintiff, that is the breach of duty by the defendant to the plaintiff, whether it be a duty arising out of contract or of tort."

From the language of the above cases, it is apparent that this court has not adopted the rule of some other courts that "cause of action" means the same as "right of action". If, as stated in the Box

case, supra, "the cause of the action is the fact or the facts that 'justify it' or show the right to maintain it' ", what are the fact or facts that justify the action in this case or show the right to maintain it? It seems to us that the fact or facts which justify this action, and which, therefore, constitute the cause of action, are that W. O. Dille was an employee of the defendants and that he sustained an injury *arising out of and in the course of his employment.* An examination of section 10957 shows that it in explicit language provides that all causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same. An examination of the provisions of the Compensation Act shows that it is explicitly provided therein that, in case of the death of the injured employee before the payment of any compensation, the dependents (in this case the surviving spouse) are entitled to compensation. It would seem obvious, therefore, that the cause of action, that is, the injury to W. O. Dille growing out of and in the course of his employment, which gave the right to maintain an action, did survive. The surviving spouse, Elenora Dille, being the only dependent in this case, and the only person entitled to compensation because of the death of W. O. Dille arising out of and in the course of his employment, the cause of action must have survived to her. Does this give her the right to be substituted as claimant in the action which was brought by W. O. Dille during his lifetime to enforce the cause of action which came into existence, and which continues to exist, because of his employment by the appellee coal company and the injury sustained by him arising out of and in the course of such employment?

An examination of section 10959 shows that any action contemplated in section 10957 may be continued by the legal representatives or successors in interest of the deceased. In sustaining the motion to dismiss this appeal as to the administratrix, Elenora Dille, we have already removed from consideration any right of the administratrix to prosecute this appeal. We still have before us, however, the question of the right of Elenora Dille, as surviving spouse, to be substituted as claimant in the action brought by W. O. Dille. It will be noted that the statute (10959) does not say that the action may be continued by the successors *in the* interest or *to the* interest of the deceased. As stated in 60 C. J. 985, the word "successor" is "a plastic word meaning he that followeth, or cometh in another's place; one that succeeds or follows; one who follows

another into a position; one who succeeds or takes the place of another; one who takes the place of another by succession; one who takes the place which another has left, and sustains the like part or character. While in modern acceptation the term has a broader significance than succession in respect of the estate of a deceased, yet it is an apt and appropriate term to designate one to whom property descends." It would seem to follow, therefore, that the words "successors in interest of the deceased", as used in the statute, do not necessarily mean those only who inherit or become the owners *of the same interest or right which the deceased had in the cause of action,* but may also mean those who succeed or follow the deceased in having a right to prosecute a cause of action which the deceased had a right to prosecute and had begun to prosecute before his death. While Elenora Dille, as surviving spouse, does not inherit or succeed to the right or interest of W. O. Dille in the cause of action prosecuted by him, she does succeed him and is his successor in being the person who has a right to prosecute this cause of action following his death. In the decision of the industrial commissioner, Elenora Dille, as surviving spouse, was allowed to be substituted and to prosecute the action brought by W. O. Dille. Section 1441 of the Code provides as follows:

"1441. * * * While sitting as a board of arbitration, or when conducting a hearing on review, or in making any investigation or inquiry, neither the board of arbitration nor the commissioner shall be bound by common law or statutory rules of evidence or by technical or formal rules of procedure; but they shall hold such arbitrations, or conduct such hearings and make such investigations and inquiries in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto. Process and procedure under this chapter shall be as summary as reasonably may be."

In view of the well-known spirit and purpose of the Workmen's Compensation Act and of the provisions of the statutes in reference to survival of causes of action and continuance of actions by the successors of the deceased, and in view of the provisions of section 1441, we think there was no error on the part of the industrial commissioner in allowing Elenora Dille, as surviving spouse, to be substituted in the action brought by W. O. Dille.

IV. The fourth finding contained in the record entry of the trial court was as follows:

"4. That the Industrial Commissioner applied an incorrect and unreasonable rule of law and evidence, over the objections of defendants' counsel, in admitting the deposition of W. O. Dille in evidence in support of Elenora Dille's individual claim as the dependent surviving widow of said decedent, and in giving controlling weight to said deposition in awarding compensation unto Elenora Dille. As said deposition was taken under a stipulation by the terms of which said deposition could be introduced and read in evidence in the case brought by and in which W. O. Dille was the sole claimant, and the said Elenora Dille was not a party to said case at the time said deposition was taken and she did not, nor did she have an opportunity to, examine or cross-examine said witness at the taking of said deposition, the same was not admissible as evidence for or against her personal claim for compensation as the dependent surviving widow of W. O. Dille, deceased."

It will be noted that the court gave as the grounds for this holding that the deposition of W. O. Dille was taken under a stipulation by the terms of which said deposition could be used and introduced and read in evidence in the case by and in which W. O. Dille was the sole claimant. It was apparently the thought of the trial court, and is here argued by appellant, that the stipulation provided for the use of said deposition in the case brought by W. O. Dille, and made no provision for the use of such deposition in any other case; that the cause of action which Elenora Dille, as surviving spouse, is here endeavoring to prosecute, is a different and independent cause of action from that prosecuted by W. O. Dille, before his death; and that there is, therefore, no provision in the stipulation or in the law for the use of such deposition in connection with the claim of Elenora Dille, as surviving spouse. In the view of the case taken by us, as stated in the foregoing division of this opinion, Elenora Dille had a right to, and was properly allowed by the industrial commissioner to, be substituted in the action instituted by W. O. Dille in his lifetime. The action now pending, although prosecuted by Elenora Dille as surviving spouse, is the same action instituted by W. O. Dille, and the deposition in question can be rightfully introduced by said Elenora Dille in prosecuting this action as substituted claimant.

Moreover, under the provisions of section 1441, hereinbefore referred to, the industrial commissioner is not bound by common-law or statutory rules of evidence, or by technical or formal rules of procedure. We have held that the provisions of this statute authorize the industrial commissioner to consider hearsay evidence and ex parte affidavits. Reid v. Automatic Electric Washer Co., 189 Iowa 964, 179 N. W. 323. Even if the cause of action prosecuted by Elenora Dille were different from that of W. O. Dille, we are not prepared to say that the commissioner could not consider the matters contained in the deposition, although, in such case, it might not be permissible to introduce and read the deposition itself. We do not find any error on the part of the industrial commissioner in allowing the deposition of W. O. Dille to be introduced and read in evidence in this case.

 V. The next question for our consideration is whether the evidence introduced before the industrial commissioner was sufficient to sustain the findings made by him. Under the provisions of section 1452 of the Code, it is provided that:

"In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

Section 1453 of the Code is as follows:

"1453. * * * Any order or decision of the industrial commissioner may be modified, reversed, or set aside on one or more of the following grounds and on no other:

1. If the commissioner acted without or in excess of his powers.

2. If the order or decree was procured by fraud.

3. If the facts found by the commissioner do not support the order or decree.

4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

It is not claimed in this case that the commissioner acted without or in excess of his powers, or that the order or decree of the commissioner was procured by fraud. The question here presented is whether the facts found by the commissioner are sufficient to support the order made by him, and whether there is sufficient competent evidence in the record to warrant the making of the order made by the commissioner. The evidence in this case covers over 400 pages of printed abstract. It is obviously impossible to quote the

evidence in detail, and we must confine ourselves to stating in general terms the ultimate and essential facts which we think such evidence sufficient to establish.

We believe the evidence before the commissioner was such that therefrom he could have found that the amount ,of fresh air supplied to the defendant company's mine was inadequate to comply with the statutory requirements or to furnish a safe place in which to work; that the circulation of the air in the mine was such that an insufficient amount of fresh air was carried into the portion of the mine in which the employee, Dille, was working; that, because of the insufficient supply of fresh air and inadequate circulation, the air in defendant's mine was generally contaminated by the presence of such noxious gases, including carbon monoxide and carbon dioxide, as are commonly found in coal mines with insufficient ventilation; that the deceased, Dille, and other employees of said coal mine were troubled by the presence of such noxious gases; that the doing of heavy work such as that done by the decedent, Dille, in a place where he was obliged to breathe such noxious gases, would impose a heavy strain upon the heart and cause it to beat very rapidly; that continuous work for any considerable length of time under such conditions would cause the heart muscles to weaken; that on the 22d day of October, 1929, the conditions in the portion of the mine where decedent, Dille, was working were such that noxious gases were present in considerable quantities; that in performing his labors in the mine on the said 22d day of October, 1929, the noxious gases in which said Dille was obliged to work threw such a strain upon his heart that, in its weakened condition, this strain caused an acute dilatation and caused him to collapse; and that the acute dilatation of the heart which resulted from the breathing of the noxious gases in the coal mine of the defendant company was the cause of the death of said W. O. Dille.

Appellees contend that the evidence is not sufficient to show that the dilatation of Dille's heart was caused by the gases in the mine, because the evidence shows that there are other causes that can produce acute dilatation of the heart and which may have caused it in this case. The evidence upon which the appellant relies as showing that the dilatation of Dille's heart was caused by the noxious gases in defendant's mine is found in the testimony of Drs. Bay and Glomset. Appellees argue that at most the evidence of these witnesses went only to the extent of showing that the noxious

gases were a possible cause of such dilatation suffered by Dille. Dr. Bay was the attending physician of Dille, and attended him from the time of his collapse on October 22, 1929, until his death on December 28, 1929. Dr. Glomset testified that he was called upon to make an examination of Dille on November 9, 1929, while he was at the hospital. We have made an examination of the testimony given by these two witnesses, and we believe that a fair analysis of such testimony shows that in their study of the case they sought to determine the cause of the dilatation of the heart from which Dille was suffering; that, while there are other causes which might produce the same result, the history of the case and all the information which they were able to obtain in regard to it indicated that the other possible causes must all be eliminated; and that the conclusion reached by both of them was that the dilatation of Dille's heart was due to the noxious gases breathed by him while working in defendant's mine. After the death of Dille, a post mortem examination was made by Dr. Glomset at which Dr. Bay was present, and both of them further testified that the result of the post mortem examination tended to confirm the conclusion originally reached by them, that the gases in defendant's mine were the cause of the acute dilatation of his heart suffered by Dille.

Appellees especially sought to show that prior to October 22d Dille had been suffering from a cold; that a day or two prior thereto he had gone to a fire which caused the destruction of the home of Mrs. Dille's sister; and that the cold from which he was suffering, and the efforts exerted by him, and the strain and excitement placed upon him in connection with this fire, were sufficient to have caused the condition of heart from which he was suffering. Not only the history of the case as given to the doctors, but the evidence in regard to the fire and any connection of Dille therewith, were such that the doctors might well have eliminated anything done by Dille in connection with such fire as a possible cause of his condition, and were such that the commissioner could disregard them in reaching his conclusion as to the cause of the acute dilatation of the heart from which Dille suffered. In McKinney v. Central Iowa Fuel Co., 202 Iowa 398, 210 N. W. 459, a case similar to this case in some of its aspects, we said:

"If we assume the truth of the evidence of the claimant, it was clearly sufficient to establish the fact of injury. The industrial com-

missioner having accepted it as true in the light of all the circumstances appearing in the record, such evidence becomes conclusive upon us. On the question of causal relation between the trauma and the internal conditions found by the surgeon, such surgeon testified that a traumatic cause would explain the condition that he found and that he could find no other apparent cause, which could account for the same. The internal condition of the bladder was not chronic, but was recent and acute. His testimony also attributed the fatal abscesses in the kidneys to infection from the bladder and from the surgical wound made therein. This opinion was sustained by that of other surgeons. We are not at liberty to accept contradictory opinions of other experts in order to reject the finding of the commissioner. It is earnestly argued by appellant that the claimant had been suffering from kidney disease for several years and that he had passed blood at various times prior to such alleged injury. Upon this hypothesis of fact, it is argued that the claimant died solely as the result of disease from which he had suffered for many years before the injury. The fault of this argument is that this also is predicated upon evidence, which is contradictory to the testimony of the claimant himself. It avails nothing here to array evidence against evidence. We must accept, as true, the evidence which supports the finding of the commissioner."

In Hinrichs v. Davenport Locomotive Works, 203 Iowa 1395, 214 N. W. 585, we further stated:

"While there is disagreement in the testimony of the expert witnesses, it was peculiarly the province of the industrial commissioner to accept the testimony of such of these witnesses as seemed to him most consistent with all the testimony and of the greater credibility. There is sufficient evidence in the record to sustain the inference drawn by the industrial commissioner that the loss of sight in the left eye was due directly or indirectly to the injury of which he complains. It is not material that this court might, independent of the conclusion of the commissioner, arrive at a different result. It is true that the commissioner stated that, as he viewed the facts, the issue was close, but his finding, if based upon competent evidence, will not be disturbed on appeal. Pace v. Appanoose County, 184 Iowa 498, 168 N. W. 916; O'Neill v. Sioux City Term. R. Co., 193 Iowa 41, 186 N. W. 633; Herbig v. Walton Auto Co.,

191 Iowa 394, 182 N. W. 204; Flint v. City of Eldon, 191 Iowa 845, 183 N. W. 344."

We believe that the facts found by the commissioner were sufficient to support his decision, and that there was sufficient competent evidence in the record to warrant the commissioner in making the decision reached by him.

VI. Finally, it is contended by appellees that the evidence in this case does not show that the death of said Dille was caused by an injury arising out of and in the course of his employment, but that the heart condition which caused said Dille's death was the result of an occupational disease and not the result of injury. In Gay v. Hocking Coal Co., 184 Iowa 949, reading at page 956, 169 N. W. 360, we said:

"An 'occupational disease' suffered by a servant or employee, if it means anything as distinguished from a disease caused or superinduced by an actionable wrong or injury, is neither more nor less than a disease which is the usual incident or result of the particular employment in which the workman is engaged, as distinguished from one which is caused or brought about by the employer's failure in his duty to furnish him a safe place to work. If the employer fails to provide a reasonably safe place to work, or fails to observe the specific requirements of the statute with respect thereto, and, as a result of such neglect, the employee is injured, the liability of such employer cannot be avoided by calling such injury an 'occupational disease', or by showing that disease of that nature is often the accompaniment or result of such employment, even when all due care has been exercised by the employer. * * * It may also be added, in view of the argument of counsel, that if defendant did fail in its duty in this respect, and plaintiff was thereby physically overcome or disabled to a degree causing him to suffer injury or loss, defendant's liability is neither avoided nor lessened by reason of the fact that plaintiff sustained no wound or bruise or other hurt of a traumatic character or origin. A wrongful injury which operates to destroy or undermine or impair the health of another is no less actionable than is a wrong from which the injured person sustains wounds or bruises or broken bones."

See, also, Hanson v. Dickinson, 188 Iowa 728, 176 N. W. 823; Hughes v. Cudahy Packing Co., 192 Iowa 947, 185 N. W. 614; New

848

River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Industrial Commission of Ohio v. Roth, 98 Ohio St. 34, 120 N. E. 172, 6 A. L. R. 1463.

The evidence in this case shows that the deceased employee had been engaged in the occupation of mining coal for 35 years; that up to the time of beginning work in the defendant's mine in September, 1929, there was no evidence whatever of any diseased condition of his heart or any other bodily ailment; that during the months immediately preceding the time he started to work in defendant's mine he had done a considerable amount of manual labor; that he had been working in defendant's mine for some days when he first began to feel pains in his chest and noticed that his heart was beating rapidly; and that, even during the greater part of the time of his employment in the defendant's mine, his condition was such that the amount of work done by him exceeded that done by most of the other employees. We think the evidence was such that the commissioner could have found that the condition of Dille's heart was not due to an employment which ordinarily produces such condition, but was caused by his working for only a few weeks under conditions that were not such as are usually and ordinarily found in such employment. We believe the evidence was sufficient to support a finding that the acute dilatation of the heart suffered by Dille was not an occupational disease but was an injury arising out of and in the course of his employment.

For the reasons given in the opinion, the order of the district court is hereby reversed.—Reversed.

ALBERT, C. J., and all JUSTICES concur.