The Honorable John Dawson State Representative P.O. Box 336 Camden, Arkansas 71701
Dear Representative Dawson:
This is in response to your request for an opinion concerning the eligibility of a governor-appointed quorum court member to succeed himself if the quorum court district boundaries have changed through reapportionment. Specifically, you note that in the early part of 1991, the elected quorum court member from Ouachita County, District 2, died. The Governor appointed Mr. Bill Massengale to fill the unexpired term pursuant to Amendment29 to the Arkansas Constitution. The 1992 November elections in Ouachita County will elect quorum court members to newly apportioned districts. See A.C.A. § 14-14-403(a). Your question with regard to these facts is as follows:
 Since reapportionment of the Quorum Court Districts in Ouachita County, as well as all other counties, has changed the boundaries of all of the districts resulting in the fact that no district will serve the same people during this next decennial as in the past 10 years, can Mr. Massengale be a qualified candidate for a newly created district?
For the reasons that follow, it is my opinion that Mr. Massengale, and others in his position, could make a convincing argument that they are eligible to run for newly created districts because in doing so they are not "succeeding themselves." The success of the argument may depend upon whether in fact a particular district has changed, both in terms of geography and the people it represents.
There is no controlling Arkansas precedent on this question. I have, additionally, been unable to find any helpful precedent from any other jurisdiction. There is, however, one Arkansas Attorney General Opinion which appears to address the issue. It was stated in Opinion No. 77-189, copy enclosed, as follows:
 While it is plain the appointee you contemplate cannot succeed himself, it is equally plain that since the 19th circuit-chancery court circuit will not even exist during his term of office, he would not be, if elected, succeeding himself or anyone else. Because of the very material changes in the makeup of the new 19th circuit-chancery court circuit, it surely could not be argued the designation is all form and no substance.
Opinion No. 77-189 at 4.
The crucial determination is whether the appointee would be "succeeding himself" under Amendment 29, § 4. That provision states that "[n]o person appointed under Section 1 [of Amendment 29] shall be eligible for appointment or election to succeed himself." It has been held that to "succeed" or to be a "successor" means to follow or take the place another has left and to sustain the like part or character. Citizens Suburban Co.v. Rosemont Development Co., 53 Cal. Rptr. 551, 244 C.A.2d 666 (1966); Albury v. Central and Southern Florida Flood ControlDist., 99 So.2d 248 (Fla.App. 1957); Wawak Co. V. Daiser,90 F.2d 694 (7th Cir. 1937); Thompson v. North Texas Nat. Bank,
37 S.W.2d 735 (1931); and Dille v. Plainview Coal Co.,217 Iowa 827, 250 N.W. 607 (1933). See also Black's Law Dictionary
(5th Ed. 1979) at 1238. An argument could be made here that Mr. Massengale, and others in his position, are not sustaining the like part or character because they would be running in different districts.
It is clear that an appointee, after the expiration of the unexpired term, would be eligible to run in a neighboring district, or another district to which he was not appointed. He would not thereby be "succeeding himself," but someone else. It might therefore be successfully contended that an appointed official running for a newly reapportioned district is similarly not succeeding himself or anyone else. If the district is in fact a new one, that is, it contains different geographic parameters and constituents and a new district number, as is my under-standing in this case, it is my opinion that it has in fact no incumbent; and the appointee, if elected, would not be succeeding to the same office to which appointed.
This conclusion is reached without the benefit of any Arkansas case law on point, as none currently exists. A conclusive determination may therefore require resort to the courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh