## IN THE COURT OF APPEALS OF IOWA

No. 16-1421
Filed July 6, 2017

**ERICK LOPEZ,**
          Plaintiff-Appellant,

**vs.**

**CARGILL MEAT SOLUTIONS CORPORATION and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,**
          Defendants-Appellees.
_____

          Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


          Erick Lopez appeals a workers' compensation decision awarding him

thirty-five weeks of permanent partial disability benefits for a work-related injury.

**AFFIRMED.**



          Philip F. Miller of Philip F. Miller Law Firm, West Des Moines, for

appellant.

          Jennifer A. Clendenin of Ahlers & Cooney, P.C., Des Moines, for appellee.


          Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Erick Lopez appeals a workers' compensation decision awarding him thirty-five weeks of permanent partial disability benefits for a work-related injury. He contends his "independent experts presented substantial, credible evidence of industrial disability and scheduled impairment" and "it is inherently unfair, irrational, and illogical to substantially and totally reject independent evaluations . . . for arbitrary, illogical, minimal reasons."

In workers' compensation proceedings, "the commissioner, as fact finder, is responsible for determining the weight to be given expert testimony." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 850 (Iowa 2011). "The commissioner is free to accept or reject an expert's opinion in whole or in part, particularly when relying on a conflicting expert opinion." *Id.* "The courts, in their appellate capacity, 'are not at liberty to accept contradictory opinions of other experts in order to reject the finding of the commissioner.'" *Id.* (quoting *Dille v. Plainview Coal Co.*, 250 N.W. 607, 615 (Iowa 1933)).

The commissioner gave greater weight to certain expert opinions over others, as was his prerogative, and thoroughly explained his reasons for doing so. His fact findings are supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f) (2015). His decision is not based upon "an irrational, illogical, or wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the agency," and it is not "[o]therwise unreasonable, arbitrary, capricious, or an abuse of discretion." *See id.* § 17A.19(10)(m), (n).

**AFFIRMED.**